**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**BRADLEY L HAUPT, MARILYN J HAUPT,**

**Plaintiffs,**

**v.** **Case No.: 5:26-cv-00541-PGB-PRL**

**MANATEE ENTERPRISE, LLC, LAURENWOOD MHP LLC, CITY FIRST MORTGAGE CORP,**

**Defendants.**
**_________________________________/**

**ORDER REMANDING CASE TO STATE COURT**

On July 30, 2026, Jorge Alvarino, as Manager of Defendant Manatee Enterprise, LLC, filed a notice of removal of this mortgage foreclosure action from state court on the purported basis of federal question jurisdiction, asserting that Plaintiffs violated the Federal Debt Collection Practices Act. (Doc. 1). Plaintiffs have filed a motion to strike the notice and remand this matter back to state court. (Doc. 2).

Although not raised by Plaintiffs, the notice of removal was improperly filed on behalf of Manatee Enterprise, LLC, by a non-lawyer, Jorge Alvarino.[1] Indeed, the notice of removal confirms that Manatee Enterprise, LLC "comes before this Honorable Court in the instant cause as a Pro Se litigant." It is well-settled that corporations, partnerships, and limited liability companies are artificial legal entities that can act only through agents, cannot appear pro se, and

---

[1] Plaintiffs incorrectly assert that Nashid Sabir, Esq. filed the notice of removal in this Court. While he has not appeared in this action, Mr. Sabir did file a notice in state court advising that the notice of removal had been filed. In that notice, Mr. Sabir clarified that he was appearing "on a limited basis for the singular and sole purpose of filing this notice for a corporate entity." The notice of removal itself was filed by Mr. Alvarino.

Nevertheless, Plaintiffs have requested an in-person hearing on the instant motion, "especially regarding any sanction against Attorney Nashid Sabir, Esq." (Doc. 4). The Court finds that a hearing is not necessary.

must be represented by counsel. *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel"); *Souffrant v. Denhil Oil, LLC,* No. 10–80246–CIV, 2010 WL 1541192, at *1 (S.D. Fla. Apr.16, 2010) ("The proposition that a corporation must be represented by an attorney also applies to limited liability companies."). This rule applies "even where the person seeking to represent the corporation is its president and major stockholder." *Palazzo*, 764 F.2d at 1385.

Because Mr. Alvarino may not represent Manatee Enterprise, LLC, or file any pleadings on its behalf, the purported notice of removal (Doc. 1) is inoperative, and this action is due to be remanded to state court. *See Sensus Healthcare, Inc. v. Michigan Health Clinics, P.C.*, No. 2026 WL 1283762, at *1 (E.D. Michigan May 8, 2026) (non-lawyer officer of corporation could not remove matter pro se on behalf of corporation); *Wilmington Tr., Nat'l Ass'n as Tr. for Holders of B2R Mortg. Tr. 2016-1 Mortg. Pass-Through Certificates v. Schuldner*, LLC, No. 18-CV-2393, 2018 WL 4901090, at *1 (D. Minn. Sept. 7, 2018), *report and recommendation adopted*, 2018 WL 6819542 (D. Minn. Oct. 24, 2018) (non-attorney could not file pleadings on behalf of corporation, and thus, the notice of removal was deemed inoperative, requiring remand to state court).

Moreover, the notice of removal is untimely. A defendant has thirty days to initiate removal from the time of receipt of service of the pleadings. 28 U.S.C. § 1446(b). Once this time period has passed, the litigation cannot be removed from state court, regardless of whether the claims could have been removed originally.

A review of the state court docket confirms that Plaintiffs commenced this mortgage foreclosure action in the Circuit Court of the Fifth Judicial Circuit in and for Hernando County,

Florida, Case No. 2025-CA-584, on June 12, 2025.[2] Manatee Enterprise, LLC was served on June 24, 2025. On April 6, 2026, the state court entered a Uniform Final Judgment of Foreclosure against all named Defendants including Manatee Enterprise, LLC, and scheduled a foreclosure sale for May 12, 2026. No appeal was taken from the Final Judgment, and the docket reflects that it is not the subject of any pending post-judgment motion. Shortly before the first scheduled foreclosure sale, Manatee Enterprise, LLC filed a bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida, Case No. 26-16104-PDR—the effect of which was to stay and cancel the scheduled foreclosure sale. On July 22, 2026, the Honorable Peter D. Russin, United States Bankruptcy Judge, granted the United States Trustee's Motion to Dismiss the bankruptcy case with prejudice for bad faith and imposed a one-year bar prohibiting Manatee Enterprise, LLC from filing a bankruptcy petition in any court in the United States. (*See* Doc. 2-1). The foreclosure sale was then rescheduled for July 30, 2026.

On July 30, 2026, Manatee Enterprise, LLC filed the instant notice of removal. This was more than thirteen months after Manatee Enterprise, LLC was served with the initial pleading, and nearly four months after entry of the Final Judgment of Foreclosure. As such, the removal was untimely.

Accordingly, Plaintiffs' motion to remand (Doc. 2) is **granted**. If no objections are filed within **fourteen days** of this order, which is the time allotted under Civil Rule 72(a), the clerk is directed to **remand** this case back to state court by transmitting a certified copy of this order to the clerk for Florida's Fifth Judicial Circuit in and for Hernando County with respect to state-court case number 2025-CA-584. Following remand, the clerk is directed to terminate any pending

[2] The state court docket can be accessed at https://civitekflorida.com/ocrs/app/search.xhtml

motions and scheduled events and close the case. If any objections are timely filed, the clerk is directed to withhold disposition until so ordered by the district judge.[4]

**Any objection to this Order by Manatee Enterprise, LLC must be filed by counsel, who has made an appearance in this action on its behalf.**

DONE and ORDERED in Ocala, Florida on August 5, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[4] "Notwithstanding any provision of law to the contrary," the disposition of any issue by a magistrate judge may be reviewed by a district judge. 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 154 (1985) (magistrate-judge orders are reviewable even when no party objects to them). So, while a remand order by a district judge (or a magistrate judge presiding over a "consent case" under 28 U.S.C. § 636(c)) is generally "not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), a district judge may review a magistrate judge's remand order. *See Wyatt v. Walt Disney World, Co.*, No. 5:97-CV-116-V, 1999 WL 33117255, *5 (W.D.N.C. July 26, 1999) (holding that § 636(b)(1) trumps § 1447(d)).

Generally, parties who timely object to a magistrate judge's action are entitled to clear error review. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72 advisory committee notes (explaining that Rule 72(a) objections correspond to matters referred under § 636(b)(1)(A), and Rule 72(b) objections correspond to matters referred under § 636(b)(1)(B)); *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("The terms 'dispositive' or 'nondispositive' in Rule 72 do not create categories separate from the statute which Rule 72 implements."). There are eight exceptions; and to view the list as merely illustrative is to leave it to the courts to rewrite the statute and create a patchwork of inconsistent regimes throughout the country. *See* 28 U.S.C. § 636(b)(1)(A); *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Americas*, 397 F. Supp. 2d 698, 701 (W.D.N.C. 2005) ("[T]he language of § 636(b)(1)(A) is exceedingly clear that a magistrate judge may 'hear and determine any pretrial matter pending before the court, except' a very specific list of eight matters. Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than 'any…except.'").

A remand motion is not among the eight exceptions. *See Turnmeyer-Cook v. Winnebago Indus., Inc.*, No. 16-CV-3088-LTS, 2016 WL 6080202, *4 (N.D. Iowa Oct. 17, 2016) ("Congress explicitly set out matters that are not within the authority of a magistrate judge … remand is not among them"); *Franklin v. City of Homewood*, No. CIV. A. 07-TMP-006-S, 2007 WL 1804411, *3 (N.D. Ala. June 21, 2007) (same); *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1275 (N.D. Ala. 2004) ("The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand *as long as an opportunity was provided for any party to seek a Rule 72 review of the order.*") (emphasis added); *see generally* Peter J. Gallagher, In Search of A Dispositive Answer on Whether Remand Is Dispositive, 5 Seton Hall Circuit Rev. 303 (2009). Indeed, by only excepting Rule 12(b)(6) motions and not all Rule 12(b) motions, the federal magistrate-judge statute (28 U.S.C. § 636) provides that magistrate judges may dispose of jurisdictional and venue motions—Rules 12(b)(1) through (3)—by order; and a remand motion likewise concerns forum-selection issues and not the merits of a claim or defense.

It appears that no federal circuit court has taken issue with a magistrate judge's remand order that explicitly protects the parties' rights to request district-judge review, as is done here. And judicial efficiency—the very object of § 636 and the mandate of Civil Rule 1—compels this approach. An order to which there is no objection requires no further work by the district judge, but a recommendation—even in the absence of any objection—does. *Cf. Thomas*, 474 U.S. at 148 (requiring district-judge review of a magistrate judge's finding despite the absence of any objection would be "an inefficient use of judicial resources"). As the court sagely observed in *Johnson*, 313 F. Supp. 2d at 1273: "Why should the district judge be involved at all if no party timely objects to the order of remand?"